Alejandra GUZMAN Pinal, Appellant,

v.

Ignazio CARNEVALE, d/b/a Mamaloca
Concerts, Appellee.

No. 13–96–526–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 29, 1998.

Troy "Trey" S. Martin, III, Jeffrey A. Hiller, Curtis L. Cukjati, Cacheaux, Cavazos, Newton, Martin & Cukjati, San Antonio, Alfredo C. Bayouth, Hato Rey, PR, for Appellant.

Keith C. Livesay, McAllen, E. James Rausch, Rausch Law Office, L.C., McAllen, Ramon Rosales, Jr., Law Offices of Ramon Rasales, Jr., Mission, Lori Dwyer Armstrong, Law Offices of Lori Dwyer Armstrong, Mission, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This case arose out of an alleged breach of a contract wherein appellant Alejandra Guzman Pinal ("Guzman") had agreed to perform a concert in Pharr, Texas, for appellee Ignazio Carnevale, d/b/a Mamaloca Concerts ("Mamaloca"), who would be the promoter for the concert. Guzman is a citizen of Mexico. For reasons disputed by the parties and not pertinent to this appeal, Guzman did not obtain the necessary work and immigration documents to enter this country and the concert was not performed. Mamaloca filed its original petition alleging breach of contract on December 9, 1994. Mamaloca sent its first requests for admissions to Guzman on December 4, 1995. This document listed seventy-eight items that Guzman was requested to admit. On December 18, 1995 Guzman's attorney, Richard Hill, filed a response to the requests for admissions denying each of the seventy-eight items. On December 27, 1995 Mamaloca filed a motion to have the requests deemed admitted and for summary judgment on the grounds that the responses to the requests for admissions were not verified and were not made by a person with knowledge of the matters being denied.

On May 9, 1996 Mamaloca provided notice to Guzman that a hearing on the motion had been set for June 25, 1996.[1] On June 17, 1996 Guzman personally sent a letter to the trial court explaining that she was without U.S. legal counsel at that time and asking the trial court to postpone the hearing to allow her time to retain counsel in this country. The hearing was postponed, and on July 26, 1996 Guzman's new U.S. counsel filed three documents, one styled "Supplemented and Amended Answers to Plaintiff's First Requests for Admissions," another was a motion for leave to file the supplemented and amended answers, and the third was a response to the motion for summary judgment.

---

1. Mamaloca maintains that it also attached a second copy of its first requests for admissions with this notice of the hearing. No second copy of the requests for admissions is present in the clerk's record. Mamaloca asserts that, because Guzman responded to the notice of the hearing, she must have received the copy of the requests for admissions that was attached to the notice.

The "supplemented and amended" answers admitted some of the requested matters and provided explanations for some of the denials. On August 5, 1996 a hearing was held on Mamaloca's motion, which concluded with the trial court ordering the parties to reduce their arguments to letter briefs. The trial court granted summary judgment in favor of Mamaloca on August 22, 1996.[2]

On appeal, Guzman argues that the trial court erred in deeming the requests admitted and by granting summary judgment in favor of Mamaloca. Mamaloca's original motion to deem admissions and for summary judgment presented two reasons Guzman's answers to the requests for admission were deficient; that the answers were not verified and that the answers were not made by a person with knowledge of the matters addressed by the requests. Mamaloca later filed a supplement to its motion that added the additional ground that Guzman had failed to answer a second copy of the requests for admissions. Because none of these grounds is sufficient, we reverse the summary judgment and remand for further proceedings.

■ A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Where more than one ground is asserted in a motion for summary judgment, the party aggrieved by the motion must challenge each ground asserted in the motion or the summary judgment will be upheld on the unchallenged ground. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *T.R. Inscore v. Karnes County Sav. & Loan,* 787 S.W.2d 183, 184 (Tex.App.—Corpus Christi 1990, no writ).

Prior to the 1984 amendments to rule 169 of the Texas Rules of Civil Procedure, answers to requests for admissions had to be verified. *See Lowe v. Employers Cas. Co.,* 479 S.W.2d 383, 387 (Tex.Civ.App.—Fort Worth 1972, no writ); *McIntire v. Sawicki,* 353 S.W.2d 952, 953 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.); *Taylor v. Owen,* 290 S.W.2d 771, 776 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.). The old rule stated that:

> Each of the matters of which an admission is requested shall be deemed admitted unless . . . the party to whom the request is directed, delivers or causes to be delivered to the party requesting the admission or his attorney of record a *sworn statement* either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters. (emphasis added).

TEX.R.CIV.P. 169, 483–84 S.W.2d (Tex.Cases) XXX (1973, amended 1984, 1990).

However, the 1984 amendments removed the "sworn statement" language:

> The matter is admitted unless . . . the party to whom the request is delivered serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney . . .

TEX.R.CIV.P. 169, 661–62 S.W.2d (Tex.Cases) LV (1984, amended 1990).

■ While there have been no reported cases addressing this precise issue, at least one commentary has indicated that after the 1984 amendments there is no need to verify answers to requests for admission. *See* MICHOL O'CONNOR & BYRON P. DAVIS, O'CONNOR'S TEXAS RULES: CIVIL TRIALS 1997 at 327 (1997).[3] Because the language of the present rule provides no basis for requiring verification of answers to requests for admission, we hold that the requested matters could not be

---

2. The trial court never explicitly ruled on Mamaloca's motion to have the requests admitted. However, the trial court implicitly ruled in Mamaloca's favor on this issue, because the only grounds for summary judgment asserted by Mamaloca depended on the admissions being deemed.

3. Mamaloca refers us to the 1982 edition of McDonald's TEXAS CIVIL PRACTICE as authority for the principle that answers to requests for admission must be verified. Of course, this commentary was written before the 1984 amendments. More recent editions of that work have removed any reference to a verification requirement. *See* ROY W. MCDONALD, TEXAS CIVIL PRACTICE § 14.12(b) (1992).

deemed admitted and summary judgment could not be granted on the ground that the answers were not verified.

■ The other ground asserted in Mamaloca's motion was that the answers were not made by someone with knowledge of the matters addressed by the requests for admission. Mamaloca cites rule 166b as authority for the principle that answers to requests for admission must be made by someone with knowledge of the facts underlying the answers. The answers were made by Guzman's attorney, Richard Hill. Mamaloca failed to present any summary judgment evidence regarding the extent of Hill's knowledge. Because Mamaloca failed to prove that Hill lacked relevant knowledge, the summary judgment cannot be supported on the basis of Hill's alleged ignorance. *Nixon*, 690 S.W.2d at 549. Furthermore, even if summary judgment evidence had been presented to establish that Hill lacked knowledge of the matters addressed by the requests for admission, we can find nothing in the language of rule 166b that imposes such a requirement, nor does our own research uncover any cases recognizing such a requirement. Rule 169 indicates that the answer must be signed by either the party or the party's attorney, which indicates that an attorney may properly answer requests for admissions. TEX. R.CIV.P. 169. We conclude that the mere fact that the denials of the requests for admission were made by Guzman's attorney did not provide the trial court with adequate grounds for deeming the admissions and granting summary judgment.

■ Mamaloca's supplement to its motion for summary judgment added an additional ground for deeming the admissions and summary judgment. The supplement stated that Mamaloca had sent a second copy of the requests for admission to Guzman more than thirty days previously, and Guzman had failed to answer the second set of requests. Therefore, Mamaloca argued, the requests should be "deemed twice." We cannot agree. According to Mamaloca, the second set of requests for admission was identical to the first. Therefore, we see no reason why Guzman was obligated to provide a second set of answers.

■ Much of Mamaloca's argument on appeal centers on the alleged bad faith and evasiveness of Guzman's attorney in denying certain requests that Mamaloca contends should have been admitted without controversy. An evasive or incomplete answer may be treated by the trial court as a deemed admission. TEX. R. CIV. P. 215(4)(a); *State v. Carrillo*, 885 S.W.2d 212, 215 (Tex.App.—San Antonio 1994, no writ); *U.S. Fire Ins. Co. v. Maness*, 775 S.W.2d 748, 749–51 (Tex. App.—Houston [1st Dist.] 1989, writ ref'd). However, Mamaloca's motion for summary judgment does not argue that it was entitled to summary judgment because Guzman's denials were a bad faith evasion of the requests for admission. A summary judgment cannot be issued on grounds not expressly set out in the motion. TEX. R. CIV. P. 166a(c); *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993). Therefore, the failure of Mamaloca to assert its bad faith evasion argument in its motion for summary judgment prevents it from relying on that argument on appeal. *Id.*

■ Finally, Mamaloca contends that Guzman failed to preserve error in the trial court by failing to present the arguments to the trial court that she now makes on appeal and by failing to file a motion for new trial. These contentions are without merit. Guzman's appeal challenges the legal sufficiency of Mamaloca's summary judgment evidence. The non-movant may file no answer at all to a motion for summary judgment and still contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Similarly, Guzman was not obligated to file a motion for new trial prior to appealing the summary judgment. TEX. R. CIV. P. 324; *Lee v. Braeburn Valley West Civic Assoc.*, 786 S.W.2d 262, 263 (Tex.1990).

Because none of the grounds asserted in Mamaloca's motion for summary judgment provided sufficient bases for deeming the requests admitted and granting summary judgment in Mamaloca's favor, we hold that

the trial court erred in deeming the admissions and granting summary judgment. We REVERSE the judgment of the trial court and REMAND for further proceedings.