**In re Patricia GIST.**

No. 04–98–00454–CV.

Court of Appeals of Texas,
San Antonio.

June 30, 1998.

Rehearing Overruled July 16, 1998.

Kenneth W. Howell, John Gonzales, John Gonzales & Associates, P.C., San Antonio, Craig L. White, Craig L. White, P.C., San Antonio, for Appellant.

Susan Stone, Robert E. Bettac, Christopher J. McKinney, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

In this original proceeding, the relator, Patricia Gist ("Gist"), seeks mandamus relief from a trial court order that requires her to verify her responses to requests for production. The real party in interest, Baptist Health System ("BHS"), acknowledges that rule 167 of the Texas Rules of Civil Procedure does not require responses to requests for production to be verified. However, BHS contends that the trial court had the inherent power to impose the verification requirement. BHS relies on case law permitting a trial court to impose sanctions for discovery abuses that are not expressly authorized by rule 215. We hold that the trial court abused its discretion in ordering Gist to verify her responses to the requests for production and conditionally grant the writ.[1]

Rule 167 requires a party upon whom a request for production is served to file a written response to the request. TEX.R. CIV.

---

1. After this court issued its order stating that we were of the tentative opinion that Gist was entitled to the relief she sought, the trial court modified its order at a hearing on a motion filed by BHS. In the paragraph of the original order in which the trial court overruled various objections, the order provided: "that Plaintiff shall produce the documents responsive to these Requests on or before May 21, 1998. If there are no records responsive to any one or more of these Requests, Plaintiff must state so, and the reason therefor, under oath; ..." In the paragraph of the modified order in which the trial court overruled various objections, the modified order provides: "that Plaintiff shall produce the documents responsive to these Requests within 10 days after any stay of the Court's order is lifted." Although the modified order does not expressly require Gist to state the reason no records are responsive under oath, the trial court struck through the following sentence in the modified order: "IT IS FURTHER ORDERED that Plaintiff need not verify her responses to Defendant's Second Request for Production." By striking through this sentence, it appeared that the trial court intended for the verification requirement to remain intact. The reporter's record from the hearing on the motion to modify clarifies that this was the trial court's intent. Therefore, we address the issue relating to the verification requirement.

P. 167. The rule does not require that the written response be made under oath. Since the verification requirement was not imposed as a sanction under rule 215, the cases cited by BHS are inapplicable. Rule 215 was written to permit flexibility in imposing any sanction that is "just." *Braden v. Downey,* 811 S.W.2d 922, 930 (Tex.1991); *Hanley v. Hanley,* 813 S.W.2d 511, 521 (Tex.App.—Dallas 1991, no writ). Rule 167 does not contain similar flexibility regarding the manner in which a party responds to requests for production. Although the discovery rules mandate a flexible approach to the nature of the information that is discoverable, *see Walker v. Packer,* 827 S.W.2d 833, 838–39 (Tex.1992), the rules contain specific procedures for applying the tools of discovery. When the rules intend for a response to be verified, the rules so provide. *See* TEX.R. CIV. P. 168(6)(requiring answers to interrogatories to be verified).

In *Pinal v. Carnevale,* the Corpus Christi court considered a related issue. 964 S.W.2d 311 (Tex.App.—Corpus Christi 1998, n.w.h.). In that case, a party filed responses to requests for admissions that were not verified. *Id.* at 312. The other party filed a motion to have the requests deemed admitted based on the lack of verification, and the trial court granted the motion. *Id.*

The Corpus Christi court reversed the trial court, noting that prior to the 1984 amendments to rule 169, answers to requests for admissions had to be verified; however, the 1984 amendments removed that requirement. *Id.* at 313. The court concluded: "[b]ecause the language of the present rule provides no basis for requiring verification of answers to requests for admission, we hold that the requested matters could not be deemed admitted." *Id.*

We agree with the reasoning in *Pinal.* A trial court does not have the authority to impose a verification requirement that does not exist under the discovery rules. A party may obtain verified responses in discovery by using interrogatories. Requiring that responses to requests for production be made under oath conflicts with rule 167; therefore, mandamus relief is appropriate. *Texaco,*

*Inc. v. Dominguez,* 812 S.W.2d 451, 453 (Tex. App.—San Antonio 1991, orig. proceeding).

Gist's petition for writ of mandamus is conditionally granted. We anticipate that in accordance with our opinion, Judge Peeples will modify his order to eliminate the verification requirement. Writ will issue upon certification to this court that he has not done so within ten days of this opinion.