05-15-00023-CV

ACCEPTED
05-15-00023-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/9/2015 9:30:51 AM
LISA MATZ
CLERK

No. _____

_____

**IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/9/2015 9:30:51 AM
LISA MATZ
Clerk

_____

*In Re*
*VERP Investment, LLC,*
***Relator***

_____

**Original Proceeding from the
134ᵗʰ Judicial District Court
Dallas County, Texas**

_____

**RELATOR'S PETITION FOR WRIT OF MANDAMUS**

_____

**FRIEDMAN & FEIGER, L.L.P.**
**Lawrence J. Friedman, Esq.**
State Bar No. 07469300
lfriedman@fflawoffice.com
**James S. Bell**
State Bar No. 24049314
jbell@fflawoffice.com
**Jason H. Friedman**
State Bar No. 24059784
jhfriedman@fflawoffice.com
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)
**ATTORNEYS FOR RELATOR**

i

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to **TEX. R. APP. P.** 55.2(a), Relator submits the following list of the names and last known addresses of all parties to the trial court's order, and their counsel:

**Relator:**

VERP, Investment LLC

**Respondent:**

The Honorable Dale Tillery
134th Judicial District Court
600 Commerce Street, Suite 650
Dallas, Texas 75202

**Real Parties in Interest:**

Lan Hung Nguyen, Individually
and d/b/a Dance With Me Studio

**Counsel for the Relator**

Lawrence J. Friedman,
James S.  Bell
Jason H. Friedman
Friedman & Feiger, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)
lfriedman@fflawoffice.com
jbell@fflawoffice.com
jhfriedman@fflawoffice.com

**Counsel for the Real Parties in Interest**

Bruce E. Turner,
Bennett Weston LaJone & Turner PC
1603 LBJ Freeway, Suite 280
Dallas, Texas 75234
Telephone: (972) 862-2332
Facsimile: (214) 373-2570
Email: bturner@bennettweston.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ....................................................................................iv

TABLE OF AUTHORITIES ..............................................................................vi

STATEMENT OF THE CASE............................................................................ viii

STATEMENT OF JURISDICTION.....................................................................x

ISSUE PRESENTED ...........................................................................................x

Whether the 134th Court's Order, dated October 27, 2014, granting Plaintiff's Motion to Compel, constitutes an abuse of discretion where Respondent permitted a consultant of Real Party-in-Interest direct access to VERP's electronic storage devices for imaging and searching.

STATEMENT OF THE FACTS ..............................................................................1

BACKGROUND .....................................................................................................1

ARGUMENT………………………………………………………………………...6

    STANDARD OF REVIEW - MANDAMUS....................................................6

    THRESHOLD REQUIREMENT FOR COMPELLING THE PRODUCTION
    OF ELECTRONIC STORAGE DEVICE .......................................................8

CONCLUSION ......................................................................................................12

PRAYER ................................................................................................................12

CERTIFICATE OF SERVICE .............................................................................12

VERIFICATION................................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Baker v. Goldsmith,* 582 S.W.2d 404
(Tex.1979)..…………………………………………………………………..7

*Berg v. AMF Inc.,* 29 S.W.3d 212, 219 (Tex. App. - Houston [14th Dist.]
2000, no pet.)……………………………………………………………….7

*Borden, Inc. v. Valdez*, 773S.W.2d 718
(Tex. App.—Corpus Christi 1989, no writ)…………………………….…6, 7

*Downer v. Aquamarine Operators, Inc.,*701 S.W.2d 238
(Tex. 1985)....................................................................................................6

*In re Angelini,* 186 S.W.3d 558, 560 (Tex. 2006)………………………………7

*In re Dana Corp.,* 138 S.W.3d 298
(Tex. 2004) (orig. proceeding)(per curiam)............................................................6

*In re Does 1-10,* 242 S.W.3d 805
(Tex. App.—Texarkana 2008, orig. proceeding)…………………………..7

*In re Gist*, 1998 WL 355251
(Tex. App.—San Antonio 1998, orig. proceeding)………………………...7

*In re* Honza, 242 S.W.3d 578
(Tex. App. Waco 2008).......................................................................................11

*In re Office of Att'y Gen.,* 276 S.W.3d 611, 681 (Tex. App.—Houston [1st Dist.]
2008, orig. proceeding)…………………………………………………..7, 8

*In re Prudential Ins. Co.*, 148 S.W.3d 124
(Tex.2004)……………….…………………………………………….7,8

vi

*In re State ex rel. Robinson,* 16 S.W.3d 115
(Tex. App.—Houston [14th Dist.] 2002, orig. proceeding)……………………………6

*In re Unitech Elevator Servs.*, 178 S.W.3d 53 (Tex. App.—Houston [1st Dist.]
2005, orig. proceeding)………………………………………..…………………7

*In re Weekley Homes, L.P.,* 295 S.W. 3d 309
(Tex.2009)……………..………………………..…………………………....... 8, 9

*Walker v. Packer,* 827 S.W.2d 833
(Tex. 1992)   ...........................................................................................................6

## STATUTES

TEX. CONST. ART. V. §6. ...............................................................................vi

TEX. GOV'T. CODE. §22.221(a). ....................................................................vi

## RULES

TEX. R. APP. P. 52.........................................................................................vi

TEX. R. APP. P. 55.2(a)  ................................................................................ ii

## STATEMENT OF THE CASE

*Nature of the case:* This original proceeding arises out of Cause No. DC-14-03874, styled *Lan Hung Nguyen Individually and d/b/a Dance with Me Studio v. VERP Investment, LLC, Duong Vu Trieu Truong, Chi Ly, Ken Nguyen and CD Midway LLC* in the 134th Judicial District Court, Dallas County, Texas. The underlying suit is an action for, *inter alia,* breach of contract, wrongful lockout, and other various claims stemming from Real Party-in-Interests' eviction from the leased premises. Respondent is the 134th Judicial District Court of Dallas County, Texas (the "Court" and/or "Respondent").

At issue is whether the Court abused its discretion in granting Plaintiff's Motion to Compel thereby allowing a consultant of Real Party-in-Interest Lan Han Nguyen direct access to Relator, VERP Investments, LLC's electronic storage devices for imaging and searching. Real Party-in-Interest, Lan Han Nguyen Individually, and d/b/a Dance With Me Studio (hereinafter referred to as "Real Party-in-Interest") served his Second Request for Production to Relator, VERP, Investment, LLC (hereinafter referred to as "VERP") on August 22, 2014. On September 9, 2014, VERP served its Objections and Responses to Plaintiff's Second Request for Production. Real Party-in-Interest then filed a Motion to Compel on October 6, 2014. A hearing was held on October 20, 2014 on Real

Party-in-Interest's Motion to Compel. On October 20, 2014 the Court granted Plaintiff's Motion to Compel. On October 22, 2014, VERP filed an Emergency Motion to Reconsider. A hearing was held on October 27, 2014 on VERP's Emergency Motion to Reconsider. On October 27, 2014, the Court entered an Order Granting Plaintiff's Motion to Compel and an Order Denying Defendant's Motion to Reconsider.

The trial court erred in granting Real Party-in-Interest's Motion to Compel. The Certified Record and evidence clearly demonstrates that Real Party-in-Interest did not make the necessary showing that would enable the Court to permit direct access to VERP's electronic storage device. Specifically, Real Party-in-Interest failed to show: 1) that VERP may be withholding, concealing, or destroying discoverable electronic information; 2) that VERP has not adequately produced the requested data; 3) the retrieval of the requested data is feasible; 4) that any relationship exists—let alone a direct relationship—between VERP's computer hard drive and the claim itself; and 5) there is a reasonable likelihood that the proposed search methodology will yield the information sought.

VERP seeks a writ of mandamus from this Honorable Court ordering Respondent to: (a) vacate the Order to Compel, (b) deny Real Party-in-Interest's

Motion to Compel in its entirety; and (c) grant all other relief to which VERP may show itself to be justly entitled.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus under Tex. Const. art. V, §6, Texas Government Code §22.221(a), and Texas Rule of Appellate Procedure 52.

## ISSUE PRESENTED

Issue 1: Whether Respondent's Order, dated October 27, 2014, granting Plaintiff's Motion to Compel, constitutes an abuse of discretion where Respondent permitted a consultant of Real Party-in-Interest direct access to VERP's electronic storage devices for imaging and searching.

## STATEMENT OF THE FACTS

## BACKGROUND

This lawsuit arises from certain lease agreements entered into between VERP and Real-Party-in-Interest. [SR, Volume 1, Tab 7, Pages 59-73 Defendants' Original Counter-Claims and Third Party Claims]. At issue in the underlying lawsuit, among other things, is the interpretation of the lease agreements in dispute, and whether Real Party-in-Interest was wrongfully locked out from the leased premises in December 2013. [SR, Volume 1, Tab 8, Pages 74-109, Plaintiff's Original Petition Request for Temporary Injunction and Request for Disclosures]

From February 2013 to June 2013, VERP and Real Party-in-Interest entered into three separate lease agreements for premises located at Walnut Street Mall, 9750 Walnut Street, Dallas, Texas 75243. [SR, Volume 1, Tab 7, Pages 59-73 Defendants' Original Counter-Claims and Third Party Claims]. Each lease agreement had similar terms requiring among other things: the payment of rent at the beginning of each month, the payment of a $5,000.00 security deposit, Real Party-in-Interest to procure all permits and licenses for the transaction of business in the premises, and Real Party-in-Interest to maintain insurance. [SR, Volume 1, Tab 7, Pages 59-73 Defendants' Original Counter-Claims and Third Party Claims].

Among other breaches of his lease agreements, Real Party-in-Interest continually failed to make his rent payments for the spaces. [SR, Volume 1, Tab 7,

1

Pages 59-73 Defendants' Original Counter-Claims and Third Party Claims]. VERP continued to demand payment month after month. [SR, Volume 1, Tab 7, Pages 59-73 Defendants' Original Counter-Claims and Third Party Claims]. Finally, after ten months of receiving the run around from Real Party-in-Interest, VERP issued, and Real Party-in-Interest received, written notice of defaults for the premises on December 19, 2013 and again on December 24, 2014. Real Party-in-Interest was locked out on December 30, 2013. [SR, Volume 1, Tab 7, Pages 59-73 Defendants' Original Counter-Claims and Third Party Claims].

On or about April 10, 2014, Real Party-in-Interest filed the pending litigation against VERP. [SR, Volume 1, Tab 8, Pages 74-109, Plaintiff's Original Petition Request for Temporary Injunction and Request for Disclosures].

On or about April 17, 2014, Real Party-in-Interest served his First Request for Production on VERP. VERP produced over 400 documents in response to Real Party-in-Interest's First Request for Production, including invoices regarding the three leases.

On or about August 22, 2014, Real Party-in-Interest served VERP with his Second Request for Production. [SR, Vol. 1, Tab 4, Pages 27-34, Defendant VERP Investment, LLC's Emergency Motion to Reconsider]. Real Party-in-Interest's requests sought among other things electronic information related to the invoices previously produced and a forensic image of VERP's entire hard drive. [SR, Vol.

2

1, Tab 4, Pages 27-34, Defendant VERP Investment, LLC's Emergency Motion to Reconsider]. Specifically Real Party-in-Interest requested the following:

**REQUEST FOR PRODUCTION NO. 1:** Please produce the electronic information related to the generation of invoices from you to Plaintiff for suites 114, 116 and 124 of the Walnut Street Mall located at 9750 Walnut Street, Dallas, Texas 75234 including the electronic information related to the accounting software/program used by the company for its accounting purposes.

**REQUEST FOR PRODUCTION NO. 2**: Please produce all electronic data related to the generation of such invoices from the accounting software/program utilized to generate the invoices from you to Plaintiff specifically for the lease on Dance with Me Studios, Suite 114, of the Walnut Street Mall, located at 9750 Walnut Street, Dallas, Texas 75243.

**REQUEST FOR PRODUCTION NO. 3:** Please produce from the accounting software/ program utilized to generate the invoices from you to Plaintiff specifically for the lease on La Nuit Cafe, Suite 116, of the Walnut Street Mall, located at 9750 Walnut Street, Dallas, Texas 75243 all electronic data files related to such invoices in the following form: on CD/DVD or comparable sized flash media with a notation identifying the computer program (including version identification) necessary to access the information.

**REQUEST FOR PRODUCTION NO. 4:** Please produce from the accounting software/ program utilized to generate the invoices from you to Plaintiff specifically for the lease on Loc Hy Restaurant, Suite 124, of the Walnut Street Mall, located at 9750 Walnut Street, Dallas, Texas 75243 all electronic data related to such invoices.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a forensic copy of the computer hard drive from the computer(s) used to generate the

3

invoices from you to Plaintiff specifically for the lease on Dance with Me Studios, Suite 114, of the Walnut Street Mall, located at 9750 Walnut Street, Dallas, Texas 75243 in the following form: on a same size or comparable sized external hard drive. A qualified forensic computer specialist agreed upon by the parties will be made available to take the forensic copy and hold it in trust for search based on search terms to be determined by the parties or, if necessary, by the court.

**REQUEST FOR PRODUCTION NO.6:** Please produce a forensic copy of the computer hard drive from the computer(s) used to generate the invoices from you to Plaintiff specifically for the lease on La Nuit Cafe, Suite 116, of the Walnut Street Mall, located at 9750 Walnut Street, Dallas, Texas 75243 in the following form: on a same size or comparable sized external hard drive. A qualified forensic computer specialist agreed upon by the parties will be made available to take the forensic copy and hold it in trust for search based on search terms to be determined by the parties or, if necessary, by the court. [SR, Vol. 1, Tab 4, Pages 27-34, Defendant VERP Investment, LLC's Emergency Motion to Reconsider].

VERP objected to the requests. [SR, Vol. 1, Tab 4, Pages 27-34, Defendant VERP Investment, LLC's Emergency Motion to Reconsider]. In response to VERP's objections, on or about October 6, 2014, Real Party-in-Interest filed a Motion to Compel requesting that the Court order VERP to produce all electronic data information, accounting software program, a forensic copy of the Defendant's hard drive and all emails and deleted emails. [SR, Vol. 1, Tab 6, Pages 54-57 Motion to Compel Responses to Plaintiff's Second Request for Production]. In his Motion to Compel, Real Party-in-Interest cited no authority supporting his request for direct access to VERP's hard drive. [SR, Vol. 1, Tab 6, Pages 54-57 Motion to

4

Compel Responses to Plaintiff's Second Request for Production]. Additionally, Real Party-in-Interest made no claim that VERP may be withholding, concealing, or destroying discoverable electronic information. [SR, Vol. 1, Tab 6, Pages 54-57 Motion to Compel Responses to Plaintiff's Second Request for Production]. In fact, nowhere in Real Party-in-Interest's Request, Motion to Compel, or any subsequent pleadings does he state with any specificity the information he seeks from VERP's hard drive or provide a legitimate explanation as to why it may only be obtained through direct access to VERP's hard drive. [SR, Vol. 1, Tab 5, Pages 49-53, Motion to Compel Responses to Plaintiff's Second Request for Production; Tab 3, Pages 7-26, Response to Emergency Motion to Reconsider]. The closest Real Party-in-Interest comes to doing so is in his Response to VERP's Emergency Motion for Reconsideration in which he provides this vague justification, "Plaintiff Nguyen needs a copy of the hard drive to determine if the invoices were first produced in 2014 and without the hard drive that information cannot be shown." [SR, Vol. 1, Tab 5, Pages 49-53, Motion to Compel Responses to Plaintiff's Second Request for Production; Tab 3, Pages 7-26, Response to Emergency Motion to Reconsider].

A hearing was held on October 20, 2014 on Real Party-in-Interest's Motion to Compel. At this hearing no testimony was adduced in connection with the matter complained. On October 22, 2014, VERP filed an Emergency Motion to

Reconsider. A hearing was held on October 27, 2014 on VERP's Emergency Motion to Reconsider. [SR, Vol. 1, Tab 9, Pages 110-119, Defendant VERP Investment, LLC's Emergency Motion to Reconsider Hearing Reporter's Record]. At the hearing, Plaintiff did not provide any more support for compelling production of Defendant VERP's electronic storage device. [SR, Vol. 1, Tab 9, Pages 110-119, Defendant VERP Investment, LLC's Emergency Motion to Reconsider Hearing Reporter's Record]. On October 27, 2014, Respondent entered an Order Denying Defendant's Motion to Reconsider and entered an Order Granting Plaintiff's Motion to Compel.

## ARGUMENT

### A. STANDARD OF REVIEW – MANDAMUS

Mandamus is an extraordinary writ that should be issued only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-740 (Tex. 1992). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,*701 S.W.2d 238, 241-242 (Tex. 1985).

Because there is no adequate remedy by appeal, mandamus relief is appropriate to correct a trial court's clear abuse of discretion in allowing discovery that is not in accordance with the Texas Rules of Civil Procedure. *In re Dana*

6

*Corp.,* 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) per curiam); *see also In re State ex rel. Robinson,* 16 S.W.3d 115, 118-19 (Tex. App.—Houston [14[th] Dist.] 2002, orig. proceeding); *Borden, Inc. v. Valdez,* 773S.W.2d 718, 720 (Tex. App.—Corpus Christi 1989, no writ) (court issued mandamus to correct a trial court's order regarding the location of a deposition); *In re Gist,* 1998 WL 355251 (Tex. App.—San Antonio 1998, orig. proceeding) (court issued mandamus to correct a trial court's order requiring more than thirty (30) interrogatories where there was no finding that "justice so requires"); *In re Does 1-10,* 242 S.W.3d 805 (Tex. App.—Texarkana 2008, orig. proceeding)(court issued mandamus to correct a trial court's order regarding the production of information where there was no proper outstanding discovery request).

Determining whether an appellate remedy is adequate involves balancing "practical and prudential" considerations, such as the inevitability of reversal and the waste of judicial resources on a proceeding. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex. 2004); *In re Unitech Elevator Servs.*, 178 S.W.3d 53, 64-65 (Tex. App.—Houston [1[st] Dist.] 2005, orig. proceeding).

Although an appellate court may not decide disputed facts in a mandamus proceeding, *In re Angelini,* 186 S.W.3d 558, 560 (Tex. 2006), a trial court's determination regarding whether a party established a proposition by prima facie proof is a question of law reviewable de novo. *Baker v. Goldsmith,* 582 S.W.2d

7

404, 408-09 (Tex. 1979) (appeal from a denial of bill of review); *Berg v. AMF Inc.,* 29 S.W.3d 212, 219 (Tex. App. - Houston [14th Dist.] 2000, no pet.) (appeal from *forum non conveniens* dismissal); *In re Office of Att'y Gen.,* 276 S.W.3d 611, 681 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (original proceeding with regard to orders granting a bill of review and vacating a default judgment).

B. <u>**THRESHOLD REQUIREMENT FOR COMPELLING THE PRODUCTION OF ELECTRONIC STORAGE DEVICE**</u>

The Texas Supreme Court has held that when ordering intrusive discovery measures—such as direct access to an opponent's electronic storage device—*at a minimum*, the benefits of the discovery must outweigh the burden imposed upon the discovered party. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-6 (Tex. 2004).

Recently, in *In re Weekley Homes, L.P.,* the Court further addressed this issue. In *Weekley*, the Court expounded on the necessary showings a requesting party must make before a court may permit forensic experts direct access to an opponent's electronic storage device. 295 S.W. 3d 309, (Tex. 2009).

Like the present case, the issue in *Weekley* was whether the trial court abused its discretion by allowing forensic experts direct access to a party's electronic storage devices for imaging and searching. *Id.* at 312.

In its decision, the Court looked to the Federal Rules of Civil Procedure, which are analogous to the Texas Rules on electronic discovery, although not identical. *Id.* The federal rules state that a trial court may order production of information that is not reasonably available, only "if the requesting party shows good cause."*Id.* at 317. Good cause requires the court to consider various factors such as whether,

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *Id.*

Although the Texas rules do not expressly require a "good cause" showing before ordering production of not-reasonably-available electronic information, trial courts are required to limit discovery if after considering the above factors, they determine that the burden or expense of the proposed discovery outweighs is likely benefit. *Id.*

The Court went on to reason that providing access to a party's electronic storage device is "particularly intrusive and should generally be discouraged just as permitting open access to a party's file cabinets for general perusal would be."*Id.* The court also outlined "basic principles" regarding direct access to a party's electronic storage device derived from federal case law:

9

- The requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data.

- The requesting party should also show that the responding party's production has been inadequate and that a search of the opponent's [electronic storage device] could recover deleted relevant materials.

- Even if the requesting party makes the threshold showing, only a qualified expert should be afforded access to the storage device.

- Courts have been more likely to order direct access to a responding party's electronic storage devices when there is some relationship between the electronic storage device and the claim itself. *Id.* at 318-319.

Finally the Court noted that even if the trial court could have concluded that the requesting party made a showing that their opponent did not search for relevant deleted emails that were requested, that was not enough to allow access to the storage devices. *Id.* at 320. The requesting party had to demonstrate that the electronic information they sought was retrievable, and what the retrieval of said information would entail. *Id.*

Here, the Record affirmatively demonstrates that Respondent has permitted Real Party-in-Interest to have direct access to VERP's electronic storage device without requiring Real Party-in-Interest to make the necessary showing. [SR, Vol. 1, Tab 5, Pages 49-53, Motion to Compel Responses to Plaintiff's Second Request for Production; Tab 3, Pages 7-26, Response to Emergency Motion to Reconsider,

10

[SR, Vol. 1, Tab 9, Pages 110-119, Defendant VERP Investment, LLC's Emergency Motion to Reconsider Hearing Reporter's Record]. Specifically, Real Party-in-Interest has failed to show 1) anything that suggests VERP may be withholding, concealing, or destroying discoverable electronic information; 2) that VERP has not adequately produced the requested data; 3) that retrieval of the requested data is feasible; 4) any relationship let alone a direct relationship between the Defendant's computer hard drive and the claim itself; and, 5) a reasonable likelihood that the proposed search methodology will yield the information sought. [SR, Vol. 1, Tab 5, Pages 49-53, Motion to Compel Responses to Plaintiff's Second Request for Production; Tab 3, Pages 7-26, Response to Emergency Motion to Reconsider [SR, Vol. 1, Tab 9, Pages 110-119, Defendant VERP Investment, LLC's Emergency Motion to Reconsider Hearing Reporter's Record].

The closest Real Party-in-Interest has come to making any kind of showing was in his Response to VERP's Emergency Motion for Reconsideration in which he stated, "Plaintiff Nguyen needs a copy of the hard drive to determine if the invoices were first produced in 2014 and without the hard drive that information cannot be shown." [SR, Vol. 1, Tab 3, Pages 7-26, Response to Emergency Motion to Reconsider]. As outlined in *Weekley*, this is simply not sufficient to compel access to VERP's electronic storage device.

11

Like *Weekley*, the present case can be distinguished from the facts in *In re Honza,* where a party was granted direct access to its opponent's electronic storage device. 242 S.W.3d 578 (Tex. App. Waco 2008). In *Honza,* a central determination of the case depended on when a partial assignment draft was modified. *Id.* The Court allowed access to the opponent's hard drive but limited the search to metadata associated with the two versions of the partial assignment that had already been produced. *Id.*

The key distinction between the present case and *Honza* is that in *Honza* there was a direct relationship between the hard drives sought and the claims being made in the case. The information sought in the hard drive directly concerned a key issue in the case which was when the partial draft had been modified. *Id.* at 580. Here, the key issues of the case concern the terms of lease agreements entered into by VERP and Real Party-in-Interest, and Real Party-in-Interest has made no showing that there is a direct relationship between his claims and the information he seeks to obtain through accessing VERP's hard drive.

## CONCLUSION

VERP has clearly shown that Real Party-in-Interest did not meet the necessary showing that would permit Respondent to compel the production of VERP's electronic storage device. Allowing a party direct access to an opponent's electronic storage device is an intrusive discovery measure that requires at a

minimum that the benefits of the discovery outweigh the burden imposed on the discovered party. Real Party-in-Interest has failed to do so. As such, discovery of VERP's electronic storage device should not have been permitted. Respondent abused its discretion in finding otherwise and mandamus should follow.

## **PRAYER**

**WHEREFORE**, VERP respectfully requests that this Honorable Court: (a) compel Respondent to vacate its Order Denying Defendant's Motion to Reconsider; (b) compel Respondent to vacate its Order Granting Plaintiff's Motion to Compel; and, (c) grant all other relief to which VERP may show itself to be justly entitled.

Respectfully submitted,
**FRIEDMAN & FEIGER, L.L.P.**

/s/ Jason H. Friedman

_____
**Lawrence J. Friedman**
State Bar No. 07469300
lfriedman@fflawoffice.com
**James S.  Bell**
State Bar No. 24049314
jbell@fflawoffice.com
**Jason H. Friedman**
State Bar No.  24059784
jhfriedman@fflawoffice.com

5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)

**ATTORNEYS FOR RELATOR VERP**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2015, a true and correct copy of the foregoing Motion for Stay was served upon all parties in this matter in accordance with the Texas Rules of Appellate Procedure.

**Respondent:**
The Honorable Dale Tillery
134th Judicial District Court
600 Commerce Street, Suite 650
Dallas, Texas 75202

**Attorney for Real Parties in Interest**:
Bruce E. Turner,
Bennett Weston LaJone & Turner PC
1603 LBJ Freeway, Suite 280
Dallas, Texas 75234
Telephone: (972) 862-2332
Facsimile: (214) 373-2570
Email: bturner@bennettweston.com

/s/ Jason H. Friedman

_____

Jason H. Friedman

14

# VERIFICATION IN ACCORDANCE WITH TEXAS
## RULE OF APPELLATE PROCEDURE 52.3(j)

STATE OF TEXAS        §
                         §

COUNTY OF DALLAS     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Jason H. Friedman, and after being duly Certified, stated under oath that he has reviewed Relator's Petition for Writ of Mandamus and concluded that every factual statement contained therein is supported by competent evidence in the appendix or record.

FURTHER AFFIANT SAYETH NOT.

_____
Jason H. Friedman

SUBSCRIBED AND CERTIFIED TO BEFORE ME by the said Jason H. Friedman, on this the 9th day of January, 2015.

NINA W. STEPHENS
My Commission Expires
September 28, 2018

_____
Notary Public in and for the State of Texas

15