

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00358-CV

———————————————

RONNIE BOREN, Appellant

V.

NEWPORT OPERATING, LLC, Appellee

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 188,276-A

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

This case arises out of a dispute between Appellant Ronnie Boren and Appellee Newport Operating, LLC as to who has the right to drill on property located in Wichita County, Texas. In one issue, Boren challenges the trial court's award of attorney's fees to Newport as part of granting Newport's motion for summary judgment on Boren's claims. We reverse the part of the judgment awarding Newport attorney's fees and render judgment that Newport take nothing on its claim for attorney's fees.

## II. BACKGROUND

Boren received an assignment of oil and gas mineral leases on June 9, 2015, granting him access to an area identified as Block 11 of the John E. Roller Oil and Gas Subdivisions of the C. Larbaletrier Survey, Abstract 370, in Wichita County, Texas. More than two years later, Newport received a conflicting oil and gas mineral lease that also included Block 11. Newport then began operating on the land, despite multiple complaints from Boren that he had exclusive rights to Block 11. As a result, Boren filed suit against Newport on May 10, 2018, requesting a declaratory judgment regarding who has the rights to Block 11. Additionally, Boren's original petition included a claim for conversion and requests for injunctive relief. Most relevant to this appeal, Boren also sought to recover attorney's fees pursuant to the Uniform

Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009. Newport filed a general denial to all of the allegations.

Boren later amended his petition to add a trespass to try title claim and requested the declaratory judgment in the alternative, while still requesting attorney's fees under the UDJA. Shortly after, Newport filed its traditional and no-evidence motion for summary judgment arguing that Boren did not have superior title to Block 11 because a lapse in production invalidated the Roller lease. Newport requested that it be granted summary judgment as to all of Boren's claims. In the motion, Newport argued that Boren's declaratory judgment claim was "inapposite under [Boren's] pleadings," and therefore, "there is no need for the Court to entertain this request for declaratory judgment." Under its no-evidence grounds for summary judgment, Newport again asserted that a trespass to try title action is the method of determining title and that "the UDJA is not the proper vehicle to seek relief under the present circumstances." Newport nevertheless requested attorney's fees in its motion for being the prevailing party on Boren's UDJA claim. Boren did not specifically address attorney's fees in his response. The trial court granted Newport's motion for summary judgment, dismissed Boren's claims with prejudice, and awarded Newport attorney's fees in the amount of $54,670.89.

Following the judgment, Boren filed a motion for new trial arguing that the case was actually based on a trespass to try title claim; thus, awarding fees was not authorized by statute. Boren's motion was overruled by operation of law, and this

appeal ensued. In his only issue, Boren argues that the trial court abused its discretion by awarding Newport attorney's fees because such an award is not authorized in a trespass to try title case.

### III. DISCUSSION

#### A. Preservation of Error

Because it is potentially dispositive of this appeal, we begin by addressing Newport's argument that Boren has failed to adequately preserve his attorney's fee issue. Here, Boren filed a motion for new trial arguing that attorney's fees are not recoverable on a trespass to try title action. The trial court did not rule on Boren's motion, and therefore, it was overruled by operation of law seventy-five days after the trial court signed its judgment. *See* Tex. R. Civ. P. 329b(c).

Citing *Cabot Oil & Gas Corp. v. Healey, L.P.*, Newport argues that a postjudgment motion will not suffice to preserve error when an attorney's fee issue has been decided. No. 12-11-00236-CV, 2013 WL 1282007, at *3–4 (Tex. App.—Tyler Mar. 28, 2013, pet. denied) (mem. op.). Notably, *Cabot Oil* was an appeal of a jury trial verdict where Cabot first raised an attorney's fee issue in its motion for judgment notwithstanding the verdict. *Id.*

Assuming without deciding that Boren's motion for new trial was insufficient to preserve this issue for our review, we conclude that Boren can raise this issue on appeal because he is appealing a summary judgment and was not obligated to file a motion for new trial in order to preserve his complaint about attorney's fees. *See* Tex.

4

R. Civ. P. 324; *Lee v. Braeburn Valley W. Civic Assoc.*, 786 S.W.2d 262, 263 (Tex. 1990); *Guzman v. Carnevale*, 964 S.W.2d 311, 314 (Tex. App.—Corpus Christi 1998, no pet.). A nonmovant may file no answer at all to a motion for summary judgment and still contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Here, Boren did not waive his challenge to the award of attorney's fees by not objecting to it in his summary judgment response because it was Newport's burden conclusively to prove a legal basis for them. *Garcia v. Nat'l Eligibility Express, Inc.*, 4 S.W.3d 887, 889 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (op. on reh'g) ("Garcia did not waive its challenge to the award of [attorney's] fees by not objecting below because it was NEE's burden conclusively to prove a legal basis for them, which there was not."); *Z Auto Place, LLC v. Cars.com, LLC*, No. 01-19-00477-CV, 2020 WL 5666074, at *6 (Tex. App.—Houston [1st Dist.] Sept. 24, 2020, no pet. h.) (mem. op.) (reasoning that nonmovant had not waived attorney's fee issue for appeal because the burden is on the movant to establish its right to summary judgment as a matter of law). Accordingly, Boren can raise his issue regarding the award of attorney's fees to Newport in this appeal.

## B. Standard of Review

We review summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In a summary judgment case, the issue on appeal is whether the

movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

We review a trial court's award of attorney's fees under the UDJA for an abuse of discretion. *Poag v. Flories*, 317 S.W.3d 820, 828 (Tex. App.—Fort Worth 2010, pet. denied). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *XTO Energy v. Nikolai*, 357 S.W.3d 47, 63–64 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

## C. Applicable Law Regarding the Award of Attorney's Fees

The UDJA affords trial courts the discretion to award "reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009. However, attorney's fees cannot be awarded under the UDJA if the claim for relief is duplicative of another claim for which recovery of attorney's fees is not allowed. *MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 669–70 (Tex. 2009).

Recovery of attorney's fees for a trespass to try title claim is not authorized by statute. *See* Tex. Prop. Code Ann. § 22.001(a). The Texas Property Code explains that a "trespass to try title action is the method of determining title to lands,

6

tenements, or other real property." *Id.* Typically, the statute is used "to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Similarly, the trespass to try title statute is applicable "when the claimant is seeking to establish or obtain *the claimant's* ownership or possessory right in the land at issue." *Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018). Therefore, attorney's fees are not recoverable under the UDJA when the only issues, aside from the fees in question, concern trespass to try title claims. *Biltex Enters., Inc. v. Myers*, No. 02-13-00465-CV, 2015 WL 1967285, at *3–4 (Tex. App.—Fort Worth Apr. 30, 2015, no pet.) (mem. op.) (citing *AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 588 (Tex. App.—Dallas 2008, no pet.)).

## D. Application of Law to Facts

In the present case, Boren originally sought a declaratory judgment as to who maintained possessory rights to Block 11. He later amended his petition to assert a trespass to try title claim, while still seeking the declaratory judgment in the alternative. In both his original and amended petitions, Boren was attempting to establish his possessory right to the land at issue. Therefore, the proper cause of action for the relief Boren desires is, and always has been, a trespass to try title claim because he sought to resolve a title dispute. *See Lance*, 543 S.W.3d at 736.

As we have previously held, recovery of attorney's fees on duplicative claims under the UDJA is barred for title disputes, and it is barred regardless of which party

7

first requests attorney's fees. *See Biltex Enters., Inc.*, 2015 WL 1967285, at *3–4 (holding that plaintiff's amended petition for trespass to try title claim, although originally seeking declaratory judgment, prevented defendant from recovering attorney's fees on declaratory judgment counterclaim); *Poag*, 317 S.W.3d at 828 (holding that the defendant could not recover attorney's fees on the plaintiff's claim for declaratory relief because the claim was, in substance, a claim to quiet title). Therefore, the trial court erred by awarding Newport attorney's fees because Boren's UDJA claim is duplicative of his trespass to try title claim.

In coming to a contrary position, Newport cites an opinion from the San Antonio Court of Appeals to support its claim for attorney's fees. *See EOG Res., Inc. v. Killam Oil Co., Ltd.*, 239 S.W.3d 293, 304 (Tex. App.—San Antonio 2007, pet. denied). Specifically, Newport highlights that the party in that suit who prevailed on the other party's UDJA claim was allowed to collect attorney's fees despite the case involving title issues. *See id.*

However, unlike here, EOG filed a declaratory judgment counterclaim in response to Killam's trespass to try title action. *Id.* That counterclaim asked for declaratory relief related to the percentage ownership of certain oil and gas that had been produced during the term of the operating agreement. *Id.* at 297. The San Antonio Court of Appeals determined that "[b]ecause EOG's lawsuit sought relief under the [UDJA] and because Killam was the prevailing party [on that claim], the trial court did not abuse its discretion in awarding attorney's fees to Killam." *Id.* at

8

304. Although Killam had requested declaratory relief related to its trespass to try title action in its petition, the court's opinion in that case highlights a key distinction: Killam could recover attorney's fees for prevailing on EOG's counterclaim for declaratory relief but could not recover fees on its trespass to try title claim. *Id.* Here, Newport recovered attorney's fees as the prevailing party on Boren's trespass to try title claim that alternatively asked for declaratory relief, but unlike in *EOG Resources*, no counterclaim seeking other declaratory relief was filed. Because Newport has not prevailed on a claim for declaratory relief not duplicative of a trespass to try title claim, Newport's reliance on *EOG Resources* is misplaced. Consequently, we will follow this Court's previously established bar against recovering attorney's fees on declaratory judgment claims that are duplicative of title claims. *See Biltex Enters., Inc.,* 2015 WL 1967285, at *3–4.

Accordingly, we sustain Boren's sole issue on appeal. Because a remand of this case is not necessary for further proceedings or in the interest of justice, we will render the judgment that the trial should have rendered on the portion of the judgment we reverse. *See* Tex. R. App. P. 43.3; *see also City of Dallas v. GTE Sw., Inc.,* 980 S.W.2d 928, 939 (Tex. App.—Fort Worth 1998, pet. denied).

## IV. CONCLUSION

Having sustained Boren's sole issue, we reverse the portion of the trial court's judgment awarding Newport attorney's fees and render judgment that Newport take nothing on its claim for attorney's fees. *See* Tex. R. App. P. 43.2(c).

/s/ Dana Womack

Dana Womack
Justice

Delivered:  October 29, 2020