**SIMON PROPERTY GROUP L.P., a Delaware limited partnership, Plaintiff,**

**v.**

**mySIMON, INC., a California corporation, Defendant.**

**No. IP 99–1195–C H/G.**

United States District Court, S.D. Indiana, Indianapolis Division.

June 7, 2000.

David C. Campbell, Daniel L. Boots, Bingham, Summers, Welsh & Spilman, Indianapolis, IN.

Ronald A. Sandler, Jones, Day, Reavis & Pogue, Chicago, IL.

Terrence M. Murphy, Jones, Day, Reavis & Pogue, Dallas, TX.

Richard A. Huser, James Dimos, Joel Tragesser, Locke Reynolds LLP, Indianapolis, IN.

## ENTRY ON PLAINTIFF'S MOTION TO COMPEL

HAMILTON, District Judge.

Plaintiff Simon Property Group has moved to compel defendant mySimon, Inc. to produce documents, respond to certain interrogatories, and make computers available for inspection. The central dispute concerns access to computers for the purpose of attempting to recover deleted files. The factual record on this motion is extremely sparse with respect to the types of computers and networks that are in dispute and how defendant has used them, as well as with respect to issues such as cost and potential disruption of defendant's business. Cf. *Alexander v. FBI*, 188 F.R.D. 111, 116–17 (D.D.C.1998) (addressing details of feasibility of recovery of files, as well as costs, delays, and other burdens associated with such an effort in the Executive Office of the President).

■ The central principles governing this motion are the following. First, computer records, including records that have been "deleted," are documents discoverable under Fed.R.Civ.P. 34. See generally *Crown Life Insurance Co. v. Craig*, 995 F.2d 1376 (7th Cir.1993); *Illinois Tool Works, Inc. v. Metro Mark Products, Ltd.*, 43 F.Supp.2d 951 (N.D.Ill.1999) (imposing sanctions for destruction of electronic records).

Second, the court has the power and duty under Fed.R.Civ.P. 26(c) to protect the targets of discovery from annoyance, embarrassment, oppression, or undue burden or expense.

■ Third, although the scope of discovery is generally broad, the court may limit discovery where the burden or expense of the proposed discovery outweighs its likely benefits. See Fed.R.Civ.P. 26(b)(2)(iii). If such limits are imposed, the court should consider the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

As explained below, plaintiff's motion to compel is granted in part and denied in part. The court will conduct a hearing and/or conference at **2:00 p.m. on June 14, 2000,** to deal with issues of implementation of the decision set forth below.

*Plaintiff's Third Set of Interrogatories*

Interrogatory 2 asks for the identification of each computer, computer server, and electronic recording device used by defendant, and including specifically those used by Lynn Gately, Josh Goldman, Michael Yang, and Yeogirl Yun, including home computers, "since their involvement with the development of MySimon's software, name or marketing, since before corporate formation of MySimon." Plaintiff's motion to compel is granted in part with respect to Interrogatory No. 2, to the extent that defendant shall identify **no later than June 13, 2000** (*i.e.,* before the conference/hearing set for the next day), each such device that any of the four named individuals used during the designated time period.

Interrogatories 3 and 5 seek detailed information concerning deletion of files on any of the computers in question. Plaintiff's motion to compel is denied with respect to further answers to those interrogatories. The subject of deleted files will be dealt with in terms of recovery of data from computers, discussed below.

*Plaintiff's Fourth Request for Production and Inspection*

█ Requests for Inspection 2 and 3 request inspection of all computers, computer servers, and electronic recording devices identified in response to Interrogatory 2 and all computers in the possession, custody, or control of Lynn Gately, Josh Goldman, Michael Yang, and Yeogirl Yun, regardless of their location.

Based on the factors outlined in Rule 26(b)(2)(iii), and in light of the sparse record on the issue, the court concludes that plaintiff is entitled to attempt (at its own expense) the task of recovering deleted computer files from computers used by the four named individuals, whether at home or at work. Plaintiff has shown in its motion papers some troubling discrepancies with respect to defendant's document production.

The challenge here is to arrange for this effort to be undertaken without undue bur-dens on defendant, in terms of its business, its relationships with its attorneys, and the privacy of its founders. The court believes that the basic structure adopted by the court in *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050, 1054–55 (S.D.Cal.1999), offers the best approach here, although the court is not adopting at this time all aspects of that court's protocol.

In essence, plaintiff shall select and pay an expert who will inspect the computers in question to create a "mirror image" or "snapshot" of the hard drives. Cf. *Gates Rubber Co. v. Bando Chemical Industries, Ltd.,* 167 F.R.D. 90, 111–13 (D.Colo.1996) (describing problems that arose when one party's effort to preserve and recover files resulted in overwriting of 7 to 8 percent of hard drive contents). Defendant shall have a chance to object to the selection of the expert. The court will appoint the expert to carry out the inspection and copying as an officer of the court.

The expert shall then use his or her expertise to recover from the "mirror image" of the hard drive of each computer, and to provide in a reasonably convenient form to defendant's counsel, all available word-processing documents, electronic mail messages, powerpoint or similar presentations, spreadsheets, and similar files. The court intends that files making up operating systems and higher level programs in the computer not be duplicated, and that the copying be limited to the types of files reasonably likely to contain material potentially relevant to this case. Cf. *Adobe Systems, Inc. v. South Sun Products, Inc.,* 187 F.R.D. 636, 642–43 (S.D.Cal.1999) (noting that Microsoft Office 97 occupies more than 200 megabytes on hard drive of a personal computer). To the extent possible, the expert shall also provide to defendant's counsel: (a) the available information showing when any recovered "deleted" file was deleted, and (b) the available information about the deletion and contents of any deleted file that cannot be recovered.

After receiving these records from the expert, defendant's counsel shall then have to

review these records for privilege and responsiveness to plaintiff's discovery requests, and shall then supplement defendant's responses to discovery requests, as appropriate.

The expert shall sign the protective order in the case and shall retain until the end of this litigation the "mirror image" copies of the hard drives and a copy of all files provided to defendant's counsel. At the end of this litigation, the expert shall then destroy the records and confirm such destruction to the satisfaction of defendant. The expert shall not disclose the contents of any files or documents to plaintiff or its counsel or other persons. Because the expert will serve as an officer of the court, disclosure of a communication to the expert shall not be deemed a waiver of the attorney-client privilege or any other privilege. The expert may designate assistants to help in this project. Each assistant shall sign the protective order in this case and shall be subject to all provisions applicable to the expert.

The expert shall file a report with the court setting forth the scope of the work performed and describing in general terms (but without disclosing the contents) the volume and types of records provided to defendant's counsel. See *McGuire v. Acufex Microsurgical, Inc.*, 175 F.R.D. 149, 157 n. 12 (D.Mass.1997) (noting that printouts of only the filenames for two years totaled 478 pages in length). After the expert has been selected, all communications between the expert and plaintiff's counsel shall take place either in the presence of defendant's counsel or through written or electronic communication with a copy to defendant's counsel.

The court does not intend that the inspection apply to defendant's computers and servers that actually provide defendant's comparative shopping services over the Internet. The court does intend that the inspection be carried out to minimize disruption of and interference with defendant's business.

In considering plaintiff's motion to compel, the court understands the central focus of the disputed discovery to be an effort by plaintiff to develop evidence supporting plaintiff's contention that defendant acted in bad faith in selecting the name mySimon and creating the "Simon" character. Bad faith and/or intent to "palm off" is a relevant factor in assessing likelihood of confusion in a trademark case. However, mere awareness of another entity's similar trademark would not necessarily show bad faith, at least if the defendant reasonably believed its use of a similar mark would not infringe the first mark. In short, the court believes plaintiff is entitled to look for this material, but in terms of the factors relevant under Rule 26(b)(2)(iii), the court is not convinced that the subject of this very expensive discovery lies at the very heart of the case.

The court has not tried to anticipate all issues relating to this subject, nor has the court tried to establish deadlines for the entire process. Plaintiff shall propose an expert **no later than Monday, June 12, 2000,** by submitting the person's name and qualifications to defendant and the court. The court will hold a hearing and/or conference at **2:00 p.m. on Wednesday, June 14, 2000,** to deal with implementation of this process, including timetables, as well as issues such as the logistics of providing access for the inspection and the types of files to be recovered. If defendant has any objections to plaintiff's proposed expert, they must be raised at the hearing/conference on June 14, 2000. The court expects it would be very helpful if counsel came prepared with proposed language for a further order implementing this inspection and recovery process, including language for an appropriate order appointing the designated expert. The court strongly urges counsel to confer with one another no later than Friday, June 9, 2000, to identify and address issues of implementation in light of the principles and intentions set forth in this entry.

*Fifth Request for Production*

This request seeks information relating to defendant's relationships with companies that operate search engines on the Internet. Plaintiff's motion to compel is hereby grant-

ed with respect to this request, and defendant shall make a complete response **no later than June 21, 2000.**

So ordered.

## SUPPLEMENTAL ENTRY ON PLAINTIFF'S MOTION TO COMPEL

On June 7, 2000, the court ruled on plaintiff's motion to compel, which addressed in part the issue of discovery of "deleted" files and documents in computer memories. In that entry the court outlined a protocol for allowing such discovery. In general, the plan is to have plaintiff select and pay an expert in recovery of such information, and to have that expert serve as an officer of the court and turn over the recovered information to defendant's counsel for appropriate review to supplement defendant's discovery responses. The court also set a further hearing on the matter for resolution of further details. Plaintiff has identified an appropriate expert to carry out the inspection of the relevant computers; defendant has identified the computers in question; and counsel for the parties conferred and drafted a proposed order. The court heard argument on several disputed details on June 14, 2000. Pursuant to the parties' draft and the arguments presented, the court now orders as follows:

1. This inspection process applies to the following computers: Lynn Gately's Dell Dimension XPS D266, serial number EGHOT; Dell Dimension XPS T550, serial number 1EVTF; Dennis Yang's Home laptop, which is a Dell CPi, serial number unknown; Michael Yang's PC in his office in Mountain View, California; Josh Goldman's Dell Dimension T550, serial number 4R7Y8; Josh Goldman's laptop Sony VAIO, serial number 28987630–3103663; Yeogirl Yun's Dell PowerEdge 2300 server, serial number EVXJV; mySimon's NT server on the company premises; and mySimon's e-mail server ("Il Postino") also on the company premises. The inspection process does not apply to Josh Goldman's family computer. The inspection process ordered by this court also does not apply to any computers now in the control of Yeogirl Yun and outside the possession, custody, and control of mySimon, Inc.

2. Pursuant to plaintiff's designation and defendant's statement that it has no objections, Joan E. Feldman of Computer Forensics Inc. and assistants she designates are hereby appointed as officers of the court to carry out the inspection and copying of data from defendant's designated computers. From the date of this order, all communications between Feldman or her assistants and plaintiff's counsel shall take place either in the presence of defendant's counsel or through written or electronic communication with a copy to defendant's counsel.

3. Before carrying out any inspections pursuant to this order, Feldman and any designated assistants shall sign a protective order in the form adopted previously by the court in this action. Execution of such order shall be deemed acceptance of appointment pursuant to this entry.

4. **On or before June 28, 2000,** Feldman and/or her designated assistants shall inspect defendant's designated computers and create an exact copy or "snapshot" of the hard drives of those computers. The court does not intend that the inspection apply to defendant's computers and servers that actually provide defendant's comparative shopping services over the Internet. The court does intend that the inspection be carried out to minimize disruption of and interference with defendant's business, and that defendant and its counsel shall cooperate in providing access to the designated computers.

5. **On before July 12, 2000,** Feldman and her designated assistants shall recover from the designated computers all available word-processing documents, incoming and outgoing electronic mail messages, PowerPoint or similar presentations, spreadsheets, and other files, including but not limited to those files that were "delet-

ed." Files making up operating systems and higher level systems are not to be duplicated. The copying is to be limited to the types of files reasonably likely to contain material potentially relevant to this case.

6. **On or before July 12, 2000,** Feldman and her designated assistants shall provide such documents in a reasonably convenient form to defendant's counsel, along with, to the extent possible, (a) information showing when any recovered "deleted" files were deleted, and (b) information about the deletion and the contents of deleted files that could not be recovered. The court shall also be provided with a copy of the information in (a) and (b).

7. **On or before July 26, 2000,** Feldman shall file a report with the court setting forth the scope of the work performed and describing in general terms (without disclosing the contents) the volume and types of records provided to defendant's counsel.

8. **On or before July 26, 2000,** defendant's counsel shall review the records for privilege and responsiveness, shall appropriately supplement defendant's response to discovery requests, and shall send by overnight delivery to plaintiff's counsel all responsive and non-privileged documents and a privilege log reflecting which documents were withheld pursuant to the attorney-client privilege or work product immunity.

9. On or before 30 days after either a judgment becomes final and non-appealable or a settlement agreement has been executed by both parties, Feldman shall destroy the records copied from the designated computers and shall confirm such destruction to the satisfaction of defendant.

10. In accepting appointment as officers of the court for purposes of this assignment, Feldman and any designated assistants agree that they shall be compensated for their time and expenses only by plaintiff Simon Property Group, and that they shall have no right to seek reimbursement

or compensation from defendant mySimon, Inc. or the United States.

So ordered.