In re Wesley F. HONZA, Jr. and Robert A. Honza.

No. 10–07–00378–CV.

Court of Appeals of Texas, Waco.

Jan. 2, 2008.

William B. Short, Ford Nassen & Baldwin PC, Dallas, Stephen M. Hines, Midlothian, TX, for Appellant/Relator.

William L. Wolf, William L. Wolf PC, Dallas, for real party in interest.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Wesley F. Honza, Jr. and Robert A. Honza seek a writ of mandamus compelling Respondent, the Honorable Greg Wilhelm, Judge of the County Court at Law No. 1 of Ellis County, to set aside a discovery order requiring the Honzas to permit a forensic expert to create a mirror image of each of the computer hard drives in the Honzas' office in an effort to locate two particular documents or iterations of those documents, which documents serve as the basis for the underlying suit. The Honzas contend that Respondent abused his discretion because: (1) the discovery order is overbroad and authorizes an improper "fishing expedition"; (2) the order authorizes the disclosure of information protected by the attorney-client privilege; and (3) the order authorizes the disclosure of confidential information pertaining to the Honzas' other clients who have no connection to the underlying lawsuit. We will deny the petition.

## Background

The underlying suit concerns a partial assignment of a real estate contract executed on or about April 2, 2003. By this contract, Real Party in Interest A & W Development, L.L.C. assigned to the Honzas the right of purchase under a real estate contract with regard to an 8.3–acre tract of land adjacent to Texas State Highway 34.[1] Under the terms of the partial assignment actually executed, A & W retained "the right to purchase a portion of this property for the construction of a street with an approximate width of 78' in a North to South direction of approximately 413'." However, an earlier draft of this partial assignment makes no reference to such "purchase," and A & W contends that the consideration the parties negotiated for the partial assignment took into account the consideration the Honzas should receive for the street referenced in the assignment.

---

1. This 8.3 acres consists of a 6.2815–acre tract "plus approximately 2.00 acres to the East," said acreage being the southerly portion of the 35.10 acres covered by the real estate sales contract.

The parties worked with engineers and various governmental entities and reached an agreement regarding the location of the proposed street, but the Honzas insisted that A & W pay additional consideration for the land designated for the street before they would execute a Right–of–Way deed dedicating the land to the City of Ennis.

A & W filed suit seeking declaratory relief and alleging, among other things, claims for breach of contract, promissory estoppel, statutory and common law fraud, fraudulent inducement, negligent misrepresentation, and DTPA violations. A trial in December 2006 resulted in a mistrial.

The present discovery dispute originated with A & W's motion to gain access to the Honzas' computers, which was filed about one month before trial.[2] By this motion, A & W sought "[i]nformation (the 'Metadata') contained on the actual computers of the Defendants, such as any time stamps on the Relevant Documents, versions of the Relevant Documents, if any, as well as the deletion of various versions, if any." A & W explained that, although the Honzas responded to a prior request for production of relevant documents in their electronic version, "the Metadata was neither produced nor made available." A & W also referred to the testimony of Wesley Honza in the first trial that a March 27, 2003 diary entry related to a different transaction, referred to as the Novot-

ny/Tonick transaction.[3] After the first trial, A & W sought discovery of relevant documents pertaining to the Novotny/Tonick transaction, and the Honzas complied by providing pertinent written discovery.

A & W seeks the metadata[4] from the Honzas' hard drives because it wants to identify the points in time when the partial assignment draft was modified in relation to the diary entry. This goes to the issue of whether the Honzas altered the partial assignment after the parties concluded their agreement but before the document was presented for execution.

### Applicable Law

█ Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig.proceeding); *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex.2006) (orig.proceeding).

"Generally,. the scope of discovery is within the trial court's discretion," but "the trial court must make an effort to impose reasonable discovery limits." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). "[An] order that compels overly broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy." *Dillard Dep't Stores, Inc.*

---

**2.** This is actually A & W's "amended" motion for access to the Honzas' computers. It is not clear from the record when the "original" motion for access was filed.

**3.** Actually, there are two relevant diary entries on this particular date. In a morning entry, Wesley Honza wrote, "Lynda Woods and Roland by here to discuss contract price." In an afternoon entry he wrote, "work on assignment contract and cost calculations." It is undisputed that the first entry refers to the A & W–Honza transaction. However, A & W is seeking to refute Wesley's

testimony that the second entry relates to the Novotny/Tonick transaction.

**4.** The federal rules advisory committee has defined "metadata" as "[i]nformation describing the history, tracking, or management of an electronic file." FED.R.CIV.P. 26(f) advisory committee's note. The decision of the federal district court in *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 646–47 (D.Kan.2005), provides an excellent discussion of what is included within this term.

*v. Hall,* 909 S.W.2d 491, 492 (Tex.1995) (citation omitted).

*In re Graco Children's Prods., Inc.,* 210 S.W.3d 598, 600 (Tex.2006) (per curiam).

Rule of Civil Procedure 192.3(b) defines the permissible scope of discovery regarding documents and tangible things.

> A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action. A person is required to produce a document or tangible thing that is within the person's possession, custody, or control.

Tex.R. Civ. P. 192.3(b).

Although there appear to be no Texas decisions addressing a request for access to an opponent's computer hard drives, a body of state and federal decisions has emerged and has established a fairly uniform approach for such requests. *Cf. In re CI Host, Inc.,* 92 S.W.3d 514, 516–17 (Tex.2002) (orig.proceeding) (approving order requiring production of computer backup tapes). Federal district courts have consistently held that electronic data stored on computer hard drives, including "deleted" files and related data, is subject to discovery. *See Orrell v. Motorcarparts of America, Inc.,* No. 3:06CV418–R, 2007 WL 4287750, at *7 (W.D.N.C. Dec.5, 2007); *Wiginton v. CB Richard Ellis, Inc.,* 229 F.R.D. 568, 572 (N.D.Ill.2004); *Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 316–17 (S.D.N.Y.2003); *Antioch Co. v. Scrapbook Borders, Inc.,* 210 F.R.D. 645, 652 (D.Minn.2002); *Rowe Entm't, Inc. v. The William Morris Agency, Inc.,* 205 F.R.D. 421, 428 (S.D.N.Y.2002); *Simon Prop. Group L.P. v. mySimon, Inc.,* 194 F.R.D. 639, 640 (S.D.Ind.2000); *Playboy Enters., Inc. v. Welles,* 60 F.Supp.2d 1050, 1053 (S.D.Cal.1999). *But see In re Ford Motor Co.,* 345 F.3d 1315, 1316–17 (11th Cir.2003) (orig.proceeding) (finding district court's order granting plaintiff "unlimited, direct access to Ford's databases" to be an abuse of discretion).

Some state courts have reached the same conclusion. *See Ex parte Cooper Tire & Rubber Co.,* —— So.2d ——, ——, 2007 WL 3121813, at *13–15 (Ala. Oct.26, 2007) (orig.proceeding); *In re Maura,* 17 Misc.3d 237, 842 N.Y.S.2d 851, 858 (N.Y.Sur.Ct.2007); *see also Analog Devices, Inc. v. Michalski,* No. 01–CVS–10614, 2006 WL 3287382, at *16 (N.C.Super.Nov.1, 2006) (not designated for publication) (granting access to computer backup tapes);[5] *Menke v. Broward County Sch. Bd.,* 916 So.2d 8, 11–12 (Fla.Dist.Ct. App.2005) (approving of such discovery but cautioning that an "intrusive searching of the entire computer by an opposing party should not be the first means of obtaining relevant information").[6]

5. The decision of the Superior Court of North Carolina provides an excellent discussion of the various approaches courts have taken (and other interested entities have proposed) for determining whether a party is entitled to access to the opposing party's computer hard drives and the parameters for such access. *See Analog Devices, Inc. v. Michalski,* No. 01–CVS–10614, 2006 WL 3287382, at *5–11 (N.C.Super.Nov.1, 2006) (not designated for publication).

6. The Florida District Court of Appeal approved of the general concept of granting access to an opposing party's computer hard drives but, like the Eleventh Circuit in *In re Ford Motor Co.,* concluded that the order before it was improper because it gave the expert "access to literally everything on the petitioner's computers" but "did not protect against disclosure of confidential and privileged information." *Menke v. Broward County Sch. Bd.,* 916 So.2d 8, 11–12 (Fla.Dist.Ct.

Under these decisions, the following protocol is generally followed. First, the party seeking discovery selects a forensic expert to make a mirror image of the computer hard drives at issue. *See Antioch Co.*, 210 F.R.D. at 653; *Rowe Entm't*, 205 F.R.D. at 433; *Simon Prop. Group*, 194 F.R.D. at 641; *Etzion v. Etzion*, 7 Misc.3d 940, 796 N.Y.S.2d 844, 847 (N.Y.Sup.Ct. 2005). *But see Playboy Enters.*, 60 F.Supp.2d at 1055 (court appointed expert); *Maura*, 842 N.Y.S.2d at 858–59 (party opposing discovery chose forensic expert). This expert is required to perform the analysis subject to the terms of a protective order, generally prohibiting the expert from disclosing confidential or otherwise privileged information other than under the terms of the discovery order. *See Antioch Co.*, 210 F.R.D. at 653; *Rowe Entm't*, 205 F.R.D. at 433; *Simon Prop. Group*, 194 F.R.D. at 642; *Playboy Enters.*, 60 F.Supp.2d at 1055.

After creating the mirror images and analyzing them for relevant documents or partial documents, courts typically require the expert to compile the documents or partial documents obtained and provide copies to the party opposing discovery.[7] *See Antioch Co.*, 210 F.R.D. at 653; *Simon Prop. Group*, 194 F.R.D. at 641; *cf. Rowe Entm't*, 205 F.R.D. at 433 (permitting party seeking discovery to first review documents "on an attorney's-eyes-only basis" for those "material to this litigation" then forward them to the party opposing discovery); *Maura*, 842 N.Y.S.2d

at 859 (documents delivered to court in sealed envelope but subject to review by party opposing discovery to "interpose any objections"); *Etzion*, 796 N.Y.S.2d at 845 (relevant documents delivered to attorneys for both parties with referee to resolve objections). That party is then to review the documents, produce those responsive to the discovery request, and create a privilege log for those withheld. *Antioch Co.*, 210 F.R.D. at 653–54; *Rowe Entm't*, 205 F.R.D. at 433; *Simon Prop. Group*, 194 F.R.D. at 641–42; *Playboy Enters.*, 60 F.Supp.2d at 1055. Finally, the trial court will conduct an in-camera review should any disputes arise regarding the entries in the privilege log. *Antioch Co.*, 210 F.R.D. at 654; *Maura*, 842 N.Y.S.2d at 859; *see also Rowe Entm't*, 205 F.R.D. at 433 (recognizing that subsequent confidentiality or privilege disputes may need to be resolved); *Playboy Enters.*, 60 F.Supp.2d at 1055 (requiring withheld documents to be identified in privilege log); *Etzion*, 796 N.Y.S.2d at 847 (authorizing referee to determine disputes regarding disclosure of documents recovered from copied hard drive).

Because our research has disclosed no Texas decisions regarding this type of electronic discovery, we will apply these fairly uniform procedures to the issues presented in this proceeding.

### Overbroad Discovery

■ The Honzas first contend that the discovery order is overbroad and author-

App.2005); *see also In re Ford Motor Co.*, 345 F.3d 1315, 1316–17 (11th Cir.2003) (orig.proceeding).

**7.** The courts frequently require these experts to carefully document the procedures followed and to retain copies of the mirror image of the hard drives and of the documents and partial documents recovered until the litigation is concluded. *See Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 653

(D.Minn.2002); *Simon Prop. Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641–42 (S.D.Ind.2000); *cf. Playboy Enters., Inc. v. Welles*, 60 F.Supp.2d 1050, 1055 (S.D.Cal. 1999) (directing party opposing discovery to retain " 'mirror image' disk and copies of all documents retrieved" by forensic expert); *Etzion v. Etzion*, 7 Misc.3d 940, 796 N.Y.S.2d 844, 847 (N.Y.Sup.Ct.2005) (directing discovery referee to retain hard drive "clones").

izes an improper "fishing expedition." In this regard, they argue that Respondent improperly "gave blanket approval for A & W to gain total access to the Honzas' computers and all information stored on them, whether or not it has anything to do with this lawsuit."

Although it is true that Respondent's order gives A & W's forensic expert [8]complete access to all data stored on the Honzas' computers, the order provides that the expert is to index all forensic images acquired from the imaging process "for the limited purpose of searching (the 'Examination Process') for two documents, previously Bates-labeled as HONZA 00019 and HONZA 00017, which are drafts of 'Assignment of Contract' and any iterations (the 'Relevant Documents')." The expert must then compile any documents or information which the expert believes responsive and deliver them to the Honzas to determine for themselves which are responsive to A & W's discovery request and which they choose to withhold, providing a privilege log instead.

In addition to limiting the expert's search to two specific documents, the order provides that no waiver of privilege or confidentiality occurs if any otherwise privileged or confidential information is observed by A & W's counsel or representatives during the imaging process, and they are prohibited from using such information other than in compliance with the terms of the order. The forensic expert is likewise prohibited from disclosing any information observed during the imaging process. And finally, the order requires the expert and all party representatives or counsel participating in the imaging process to sign an acknowledgment agreeing that they are subject to contempt of court for any violation of the order.

Any order requiring the imaging of a computer hard drive necessarily grants the expert who is conducting the imaging process access to all data on that hard drive. Here, Respondent specifically limited the expert's search to two documents; gave the Honzas a "right of first refusal" with regard to determining which documents or information are relevant to those two documents and responsive to A & W's discovery request; imposed stringent limitations on inadvertent disclosures to prevent any unintended waiver of confidentiality or privilege; and placed all participants in the imaging process under a carefully drawn protective order. *See Antioch Co.*, 210 F.R.D. at 653–54; *Rowe Entm't*, 205 F.R.D. at 433; *Simon Prop. Group*, 194 F.R.D. at 641–42; *Playboy Enters.*, 60 F.Supp.2d at 1055.

Therefore, we do not agree with the Honzas' contention that the discovery order is overbroad.

### Privileged or Confidential Information

■ The Honzas also contend that the discovery order improperly authorizes the disclosure of (1) information protected by the attorney-client privilege and (2) confidential information pertaining to the Hon-

---

**8.** The Honzas do not challenge the qualifications of the forensic expert chosen by A & W. Nevertheless, we pause to note that the expert's qualifications are of critical importance when access to another party's computer hard drives or similar data storage is sought. Here, A & W's expert provided extensive testimony about his experience and qualifications at the hearing on A & W's motion for access to the Honzas' computers. For example, the expert has personally done imaging of between 8,000 and 9,000 computer hard drives during his more than 20 years of work in this field. His company employs the procedures used by state and federal law enforcement agencies and recommended by the National Institute Standards of Testing. *See* National Institute of Standards & Technology Homepage, http://www.nist.gov (last visited Jan. 2, 2008).

zas' other clients who have no connection to the underlying lawsuit.

Notwithstanding the "unlimited" access necessarily granted the forensic expert, Respondent's order preserves any privileged or confidential information in several ways. First, the expert is limited in his search to two specific documents or iterations of those documents. The Honzas are then accorded the right to review the documents and information which the expert believes responsive and produce to A & W only those documents and information which the Honzas themselves believe are responsive. These provisions effectively preclude A & W from having any access to documents or information pertaining to other clients of the Honzas not involved in this litigation.

Second, the order allows the Honzas to withhold from discovery any documents or information which they claim to be privileged or confidential and provide instead a privilege log, subject to in camera review by Respondent. *See* Tex.R. Civ. P. 193.3, 193.4.

Finally, the order provides that: (1) the observation of information by A & W representatives during the imaging process shall not constitute a waiver of privilege or confidentiality; (2) all participants in the imaging process are subject to a protective order prohibiting the unauthorized disclosure of information; and (3) A & W's expert must provide proof of being bonded and of having commercial liability insurance by which the Honzas may be "fully indemnified against any monetary loss." *See Antioch Co.*, 210 F.R.D. at 653; *Rowe Entm't*, 205 F.R.D. at 433; *Simon Prop. Group*, 194 F.R.D. at 641–42; *Playboy Enters.*, 60 F.Supp.2d at 1055.

For these reasons, we hold that Respondent appropriately tailored the discovery

order to prohibit the unauthorized disclosure of privileged or confidential information and no abuse of discretion is shown.

Accordingly, we deny the Honzas' petition for writ of mandamus. The order of this Court dated December 5, 2007 and staying Respondent's discovery order is hereby lifted. The order dated December 28, 2007 and staying further proceedings in the underlying cause is likewise lifted with the limitation that trial of the underlying cause may not resume before Wednesday, January 9, 2008.

(Chief Justice GRAY not participating).[9]

---

**9.** This designation is added at the request of Chief Justice Gray.