

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00391-CV
_____

IN RE ROTH PRODUCTS OF TEXAS, INC. AND GREGORY VAUGHT, RELATORS

ORIGINAL PROCEEDING

February 9, 2026

OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Relators, Roth Products of Texas, Inc., and Gregory Vaught, filed this petition for writ of mandamus asking that we either order Respondent, the Honorable J. Phillip Hays, Presiding Judge of the 99th District Court of Lubbock County, to vacate his order compelling discovery from Verizon or modify his order to narrow the scope of the discovery. We deny the petition.

## BACKGROUND

On September 8, 2025, at approximately 9:42 a.m., Vaught, who was driving an 18-wheeler for Roth Products, collided with the back of a Lubbock County Sheriff's Office patrol car that had been positioned partially in the right lane to block traffic. The accident

resulted in injuries to Real Parties in Interest, Andrew Cavazos and Jorge Martinez, both Sheriff's Deputies. Real Parties in Interest filed suit against Roth Products.[1] In their suit, Real Parties in Interest allege that Vaught's inattention and cell-phone use contributed to the accident.

Real Parties in Interest issued and served a subpoena on Verizon to obtain cell-phone records of Vaught covering the period of 9:00 a.m. on September 5, 2025, to 9:00 a.m. on September 9, 2025. Roth Products filed a motion to quash. The motion was set for hearing. However, Roth Products did not appear for the hearing, and Respondent summarily denied the motion to quash. Three days later, Relators[2] filed a motion to reconsider the denial of their motion to quash. Before the reconsideration motion was heard, Relators filed the instant petition for writ of mandamus and a motion for emergency relief. This Court granted emergency relief and stayed Respondent's order denying the motion to quash.[3] After hearing Relators' motion for reconsideration, Respondent limited the subpoena for the requested records to a period beginning 24 hours before and ending one hour after the incident, and created a protocol requiring Verizon to deliver the records to Real Parties in Interest's counsel so that they could redact any confidential or irrelevant information contained in the records. Relators filed a supplement to their mandamus petition challenging Respondent's modified subpoena.

---

[1] Real Parties in Interest subsequently amended their petition to add Vaught as a defendant and to add Brandon Martinez, Zane Martinez, and A.P., a minor, as additional plaintiffs. Brandon and Zane did not request the subpoena at issue, but they filed a response in this proceeding indicating that they join and adopt the response filed by Real Parties in Interest.

[2] The motion to reconsider was filed jointly by both Roth Products and Vaught.

[3] Upon Real Parties in Interest's request, we lifted the stay for the limited purpose of allowing the trial court to hear Relators' motion for reconsideration and issue any related orders.

## STANDARD OF REVIEW

To show entitlement to mandamus relief, a relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). The burden of establishing entitlement to mandamus relief is on the party resisting discovery, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam). The scope of discovery is generally within the trial court's discretion. *Id*. at 152. However, "[t]he trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *Id*.

## ANALYSIS

Relators contend that Respondent's modified order is overbroad in violation of *In re Kuraray Am., Inc.*, 656 S.W.3d 137 (Tex. 2022) (orig. proceeding) (per curiam). The Supreme Court has identified the following principles to guide our review of discovery orders relating to cell-phone data: (1) the party seeking the data must allege or evidence that cell-phone use was a contributing cause of the incident upon which the claim is based; (2) the trial court may order production of data provided its temporal scope is tailored to encompass only the period in which cell-phone usage could have contributed to the incident; and (3) if this production indicates that cell-phone usage could have contributed to the incident, the trial court may order additional discovery of cell-phone

3

data.[4]  *Id*. at 142.  In this case, there is some evidence indicating that cell-phone usage may have contributed to the collision.

Relators contend that the 25-hour period covered by the subpoena is not tailored to the period during which cell-phone use could have contributed to the collision.  Our sister courts have held that a 25-hour period such as that contained in Respondent's order is not sufficiently tailored to the temporal window of the incident giving rise to the claim.  *See In re Wright*, No. 02-25-00692-CV, 2026 Tex. App. LEXIS 577, at *10 (Tex. App.—Fort Worth Jan. 22, 2026, orig. proceeding) (mem. op.) (24-hour window overbroad); *In re Mesilla Valley Transp.*, No. 04-23-01067-CV, 2024 Tex. App. LEXIS 3147, at * 18 (Tex. App.—San Antonio May 8, 2024, orig. proceeding) (mem. op.) (four-hour window not tethered to temporal window of collision).  However, reviewing courts have identified that the trial court's order should include safeguards to protect sensitive information, such as allowing the cell-phone owner an opportunity to review the data and assert any applicable privilege and/or providing for in camera inspection of the data.  *Compare In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding) ("sensitive information should be protected and the least intrusive means should be employed"); *In re Wright*, 2026 Tex. App. LEXIS 577, at *10 (granting mandamus when discovery order did not provide protection of sensitive information); *In re Mesilla Valley Transp.*, 2024 Tex. App. LEXIS 3147, at *18 (granting mandamus where discovery order "fails to encompass the type of privacy protections necessary to ensure [party's] privacy interests are protected from unnecessary disclosure"); *In re Huang*, No. 01-22-00594-CV, 2023 Tex. App. LEXIS

---

[4] Because there was no evidence that cell-phone usage contributed to the incident in *Kuraray*, the court did not expound on proper scope of the additional discovery that would be appropriate when such evidence is revealed.

4

8921, at *14 (Tex. App.—Houston [1st Dist.] 2023, orig. proceeding) (mem. op.) (granting mandamus where order failed to provide protocols "or specific guidelines to protect personal, confidential, or sensitive data by employing the least intrusive means for obtaining the data"); *with In re Honza*, 242 S.W.3d 578, 584 (Tex. App.—Waco 2008, orig. proceeding) (denying mandamus because discovery order allowed owner of data to review and withhold documents claimed to be privileged or confidential, subject to in camera review). Notably, all three post-*Kuraray* opinions granting mandamus relief for overbroad discovery orders expressly note that the orders fail to provide procedural safeguards of the cell-phone owner's data. *In re Wright*, 2026 Tex. App. LEXIS 577, at *10–11; *In re Mesilla Valley Transp.*, 2024 Tex. App. LEXIS 3147, at *18–19; *In re Huang*, 2023 Tex. App. LEXIS 8921, at *14–15. In the present case, Relators have failed to establish how a subpoena that orders production of transactional information only for one cell phone over a 25-hour window and which includes procedural safeguards to protect Relators' privacy and weed out irrelevant evidence denies them an adequate remedy by appeal.[5]

Relators contend that *Kuraray* "made clear that temporal tailoring is a prerequisite to any cell phone production—not a concern that can be addressed later through redactions or protocols." However, the order in *Kuraray* did not include any sort of procedural safeguards, so the court did not address how procedural safeguards might affect review of the temporal scope of a discovery order. Further, the *Kuraray* court notes

---

[5] Our conclusion considers that Verizon will be producing the cell-phone records and that the subpoena's procedural safeguards will prevent the compulsion of production of irrelevant or privileged records that will "impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *In re Kuraray Am., Inc.*, 656 S.W.3d at 142 (quoting *In re CSX Corp.*, 124 S.W.3d at 153).

that mandamus was appropriate because "Kuraray lacks an adequate remedy by appeal because its compliance with the discovery orders would require the production of information that has not been shown to be relevant." *In re Kuraray Am., Inc.*, 656 S.W.3d at 145. This statement indicates that a discovery order that safeguards privileged and irrelevant information affects the determination of whether a relator has been denied an adequate remedy by appeal. Here, Respondent's subpoena provides Relators the opportunity to assert that any cell-phone data that is produced is privileged or irrelevant and Relators have not shown how the subpoena is so onerous as to deny them an adequate remedy by appeal.[6]

## CONCLUSION

Because Relators have failed to establish their entitlement to mandamus relief, we deny Relators' petition for writ of mandamus and vacate our previous stay order.

Judy C. Parker
Chief Justice

---

[6] Our determination that Relators have failed to show how the trial court's order denies them an adequate remedy by appeal is limited to the facts presented in this proceeding. In another case an order could cover such an expansive period of time, authorize discovery of such a large amount of cell-phone data, and/or apply to so many phones as to impose such an onerous burden on the challenging party as to deny them an adequate remedy by appeal even when procedural safeguards are contained in the order. However, that is not the case we have here.